ELECTRONIC CITATION: 2007 FED App. 0012P (6th Cir.)
File Name: 07b0012p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: GARY VICTOR TRUJILLO,<br><br>      Debtor.<br>_____<br><br>SELECT PORTFOLIO SERVICES, INC.<br>and<br>THE CIT GROUP/CONSUMER FINANCE,<br>INC.,<br><br>      Defendants-Appellants,<br><br>      v.<br><br>BEVERLY BURDEN, Chapter 13 Trustee,<br><br>      Plaintiff-Appellee.<br>_____ | No. 06-8098 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky, at Lexington.
No. 04-54023; Adv. No. 06-5060.

Argued: May 2, 2007

Decided and Filed: November 14, 2007

Before: AUG, LATTA, and WHIPPLE, Bankruptcy Appellate Panel Judges.

___

### COUNSEL

**ARGUED:** Douglas T. Logsdon, McBRAYER, McGINNIS, LESLIE & KIRKLAND, Lexington, Kentucky, for Appellants. John Martin Simms, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee. **ON BRIEF:** Douglas T. Logsdon, McBRAYER, McGINNIS, LESLIE & KIRKLAND, Lexington, Kentucky, for Appellants. John Martin Simms, ATKINSON, SIMMS & KERMODE, Lexington, Kentucky, for Appellee.

## OPINION

J. VINCENT AUG, JR., Chief Bankruptcy Appellate Panel Judge. The CIT Group/ Consumer Finance, Inc. ("CIT") and Select Portfolio Servicing, Inc. ("Select Portfolio")[1] appeal the bankruptcy court's judgment entered July 13, 2006 (the "July 13th Order"), granting summary judgment for Beverly Burden, the chapter 13 trustee (the "Trustee"). The bankruptcy court's decision is based on its determination that CIT's mortgage did not provide constructive notice to subsequent purchasers or creditors because the mortgagor's signature was not properly acknowledged under Kentucky law, and therefore, the mortgage is subject to avoidance by the Trustee. The Creditors further appeal the bankruptcy court's order entered November 16, 2006, denying the Defendants' Motion to Alter, Amend or Vacate Judgment (the "Motion to Alter or Amend").

### I. ISSUES ON APPEAL

At issue is whether the bankruptcy court committed reversible error:

A.   by granting summary judgment for the Trustee on her § 544 complaint based on the bankruptcy court's conclusion that CIT's mortgage did not provide constructive notice under applicable Kentucky law, or

B.   by denying the Creditors' Motion to Alter or Amend the summary judgment due to the intervening amendment of Kentucky Revised Statute § 382.270.

### II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel for the Sixth Circuit Court of Appeals ("BAP") has jurisdiction to decide this appeal. The United States District Court for the Eastern District of Kentucky has authorized appeals to the BAP, and a final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, a final order "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). An order granting summary judgment for the defendant is a final order. *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998). An order disposing of a motion to alter or amend a prior judgment is likewise a final order for purposes of appeal. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 832-33 (6th Cir. 1999).

---

[1] CIT and Select Portfolio are referred to collectively as the "Creditors."

The bankruptcy court's grant of summary judgment is reviewed de novo. *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001). The bankruptcy court's interpretation and application of the Bankruptcy Code and pertinent state law are reviewed de novo. *Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins)*, 425 F.3d 296, 298 (6th Cir. 2005); *Van Aken v. Van Aken (In re Van Aken)*, 320 B.R. 620, 623 (B.A.P. 6th Cir. 2005). Denial of a motion to alter or amend a grant of summary judgment is also reviewed de novo although denial of such a motion is otherwise reviewed for abuse of discretion. *Cockrel v. Shelby Co. Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001). "De novo means that the appellate court determines the law independently of the trial court's determination." *In re Periandri*, 266 B.R. at 653. No deference is given to the bankruptcy court's conclusions of law. *Mktg. & Creative Solutions, Inc. v. Scripps Howard Broad. Co. (In re Mktg. & Creative Solutions, Inc.)*, 338 B.R. 300, 302 (B.A.P. 6th Cir. 2006).

## III. FACTS

The facts are stipulated. On August 8, 2001, the Debtor, Gary Victor Trujillo, executed a promissory note in the principal sum of $153,000.00 in favor of CIT. To secure repayment of the note, he signed a mortgage with respect to certain real property located at 315 South Mill Street in Lexington, Fayette County, Kentucky, in favor of CIT. The mortgage was accepted for recording and was recorded in the Fayette County Clerk's Office on August 29, 2001. Select Portfolio services the mortgage. The mortgage contains the following:

> IN WITNESS WHEREOF, the undersigned (has-have) signed this instrument on the date and year first above written.
>
> /s/Gary Victor Trujillo (Seal)
> GARY VICTOR TRUJILLO
>
> _____(Seal)
>
> STATE OF KENTUCKY
> COUNTY OF /hw/ FAYETTE  ss.  _____(Seal)
>
> The foregoing instrument was acknowledged before me this /hw/ 8th day of /hw/ August 2001
>
> My commission expires /hw/ 8-4-03  /s/ [illegible signature]
>                                     (Notary Public)
>
> Prepared by /s/ [illegible signature]   /hw/ Fayette County, Kentucky.
>           (Signature)
>
> [stamped]   MAINOUS & GRANT
>             201 West Vine Street
>             Lexington, Kentucky 40507

There are no allegations of fraud, forgery or other improper conduct, and it is undisputed that the Debtor actually signed the mortgage and that his name appears in at least two places on the mortgage instrument.

On December 7, 2004, the Debtor filed a petition for relief under chapter 13 of the Bankruptcy Code. On February 22, 2006, the Trustee filed a complaint to avoid the CIT mortgage. According to the Trustee, the certificate of acknowledgment in CIT's mortgage instrument is defective because the Debtor is not identified or named in the certificate. As such, under Kentucky law, the mortgage does not operate to provide constructive notice to subsequent creditors or purchasers even though it was recorded. CIT responded that the certificate of acknowledgment was sufficient to provide constructive notice, essentially arguing that it substantially complies with the statutory requirements.

The parties filed joint stipulations of fact on June 9, 2006. On that same date, the Trustee filed a motion for summary judgment urging that, inasmuch as the mortgage was defectively acknowledged, it should be avoided and preserved for the benefit of the estate under the holding of *Rogan v. Am.'s Wholesale Lender (In re Vance)*, 99 F. App'x 25, 2004 WL 771484 (6th Cir. 2004). CIT countered that neither Kentucky case law nor statutory law requires that the name of the mortgagor be included in the certificate of acknowledgment. CIT asserted that the acknowledgment certificate substantially complies with the requirements of Kentucky law and that its instrument was recorded, which is all that is required for it to give constructive notice to subsequent creditors or purchasers. CIT further argued that *Vance*, an unpublished opinion, should be revisited because the issue of the sufficiency of the certificate of acknowledgment was not appealed by the creditor in that case. Therefore, according to CIT, the bankruptcy court's conclusion that the omission of the name only from a certificate of acknowledgment renders the certificate defective is inconsistent with Kentucky statutes. Additionally, CIT urged that certain 2006 amendments to the Kentucky notice statute, Kentucky Revised Statute § 382.270, which protect defectively acknowledged mortgages recorded before July 2006, should be applied retroactively to protect this mortgage from avoidance because the amendments are remedial and intended merely to clarify existing law.

The Trustee filed a reply to CIT's response to the motion for summary judgment. According to the Trustee, *Vance* is strong precedent because even though the issue of the defective acknowledgment was not appealed, the Sixth Circuit specifically addressed it and concluded that the bankruptcy and district courts were correct in finding that the acknowledgment failed to comport with Kentucky law. The Trustee further countered that the amendments to Kentucky Revised Statute § 382.270 could not be applied retroactively because the changes were not effective at the time of the litigation and because to do so would violate the Supremacy Clause of the United States

-4-

Constitution by stripping the Trustee of her rights in and to the property that had vested at the commencement of the bankruptcy case.

The bankruptcy court entered an order, without a memorandum opinion, granting summary judgment in favor of the Trustee on July 13, 2006. The amendment to the Kentucky notice statute discussed above became effective one day earlier on July 12, 2006. On July 21, 2006, the Creditors filed the Motion to Alter or Amend the July 13th Order based on an intervening change in the law. They argued that the protective amendment to § 382.270 should be applied retroactively to protect their mortgage because the amendment simply clarified the notice provision, was therefore remedial, and was expressly intended to be applied retroactively. The Creditors cited *Meoli v. Citicorp Trust Bank (In re Oswalt)*, 444 F.3d 524 (6th Cir. 2006), in support of their request for retroactive application of the amendment. According to the Creditors, *Oswalt* is analogous to this case because the Sixth Circuit applied retroactively a newly enacted statutory amendment intended to clarify existing Michigan law regarding the perfection of security interests in mobile homes. The *Oswalt* court determined that the amendment was applicable even though it was enacted after a mortgage lien was recorded and after the mortgage debtors filed for bankruptcy protection.

The Trustee countered with much the same argument that she advanced in response to the Creditors' first request for application of the § 382.270 amendment, i.e., that the amendment could not be applied retroactively to strip the Trustee of her rights in and to the property that had vested at commencement of the bankruptcy case. In addition, the Trustee asserted that *Oswalt* is not applicable to this case because the Kentucky amendment changes the law rather than merely clarifying it as was the case in *Oswalt*.

On November 16, 2006, the bankruptcy court entered an order overruling the Creditors' Motion to Alter or Amend, reasoning that the amendment to § 382.270 could not be applied retroactively because to do so would violate federal law fixing a trustee's rights as of the date of the petition. The Creditors filed this appeal.

According to the Creditors, the bankruptcy court erred in granting summary judgment to the Trustee and denying their Motion to Alter or Amend because the bankruptcy court incorrectly applied the Kentucky Uniform Recognition of Acknowledgments Act, including §§ 423.130 through 423.160, and erroneously failed to apply the rule that substantial compliance with authentication statutes is sufficient to render an instrument recordable. The Creditors further contend that the bankruptcy court erred in failing to read the certificate of acknowledgment in conjunction with the underlying instrument of which it is a part and in declining to apply the 2006 amendment to § 382.270 to this case.

## IV. DISCUSSION

A. <u>CIT's Mortgage Instrument Did Not Provide Constructive Notice To the Trustee.</u>

Upon the commencement of a bankruptcy case, the trustee succeeds to the rights of a debtor's creditors, judicial lien holders and bona fide purchasers of real property whether or not any such entities exist at that time. 11 U.S.C. § 544(a); *Simon v. Chase Manhattan Bank (In re Zaptocky)*, 250 F.3d 1020, 1024 (6th Cir. 2001). The trustee is empowered to avoid any transfer or transaction that would be voidable by such an entity to recover assets for the benefit of the bankruptcy estate without regard to whether the trustee has actual knowledge of the prior transaction. *Id.* at 1027. Who may qualify as a bona fide purchaser of real property is determined under state law. *Owens-Ames-Kimball Co. v. Mich. Lithographing Co. (In re Mich. Lithographing Co.)*, 997 F.2d 1158, 1159 (6th Cir. 1993). Therefore, the trustee's power as a hypothetical bona fide purchaser of real property is subject to constructive notice to the same extent as an actual purchaser under applicable state law. *Id.*

In Kentucky, a bona fide purchaser of real property is put on constructive notice of a prior interest in the property by the presence of a recorded deed or mortgage "acknowledged . . . according to law." Ky. Rev. Stat. § 382.270. When the Debtor filed his bankruptcy petition, the applicable notice statute provided as follows:

> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law and lodged for record. As used in this section "creditors" includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

Ky. Rev. Stat. § 382.270 (1962).

The mortgage here was "lodged for record." The dispute is whether it was adequately "acknowledged . . . according to law" to put a subsequent bona fide purchaser on constructive notice. This is because, as noted in the Sixth Circuit's *Vance* opinion, Kentucky cases have consistently held that recorded but defectively acknowledged mortgages do not operate to provide constructive notice of a mortgage. *In re Vance*, 99 F. App'x 25, 27, 2004 WL 771484 (6th Cir. 2004); *see also State Street Bank & Trust Co. v. Heck's Inc.*, 963 S.W.2d 626 (Ky. 1998).

In *State Street Bank & Trust Co.*, the Kentucky Supreme Court faced the issue of "whether a valid, recorded second mortgage, acquired with actual notice of the existence of a prior equitable mortgage, takes priority over the equitable mortgage." *State Street Bank & Trust Co.*, 963 S.W.2d at 627. The court held that the second mortgage did not have priority because it was acquired with

actual notice of the prior, improperly executed mortgage. The prior mortgage was improperly executed because the signatures of the parties to be charged were not subscribed at the end of the mortgage as required by Kentucky statute. The Kentucky court determined that the second mortgage holder had actual notice of the prior mortgage because its own loan documents referred to the prior interest. The second mortgage holder also had constructive notice of the improperly executed mortgage because of a subordination agreement that referred to the prior mortgage and that was prepared and recorded contemporaneously with the prior, improperly executed mortgage. The *State Street Bank* court construed the "without notice" language of Kentucky Revised Statute § 382.270 to include actual, inquiry, and constructive notice. It concluded that, "although the recording of the [prior, improperly executed] mortgage did not give *constructive* notice of its existence to a subsequent purchaser or creditor, it retained priority over one whose interest was acquired with *actual* or *inquiry* notice of its existence." *Id.* at 630 (emphasis in original).

In *Vance*, the question was whether a defectively acknowledged but recorded mortgage could provide actual or inquiry notice to a bankruptcy trustee in the position of a subsequent purchaser for value. The certificate of acknowledgment in *Vance* failed to include the name of the county where the acknowledgment was taken, the date of the acknowledgment and the names or identity of those who signed the mortgage. On appeal, the district court agreed with the bankruptcy court that the mortgage was not properly acknowledged pursuant to Kentucky Revised Statute § 423.130 but, because it was recorded, the district court determined that the mortgage could give actual or inquiry notice under Kentucky law and reversed the bankruptcy court's decision. *In re Vance*, 99 F. App'x at 26-27.

The trustee appealed. Even though the creditor did not file a cross appeal regarding the defective certificate of acknowledgment, the court of appeals chose to address the issue. *In re Vance*, 99 F. App'x at 27. After observing that the certificate of acknowledgment failed to include the name of the county where the acknowledgment was taken, the date of the acknowledgment, and the names or identity of those who signed the mortgage, the court set out the language of Kentucky Revised Statute § 423.130 which is titled, "Certificate of person taking acknowledgment" and provides:

> The person taking an acknowledgment shall certify that:
> (1) The person acknowledging appeared before him and acknowledged he executed the instrument; and
> (2) The person acknowledging was known to the person taking the acknowledgment or that the person taking the acknowledgment had satisfactory evidence that the person acknowledging was the person described in and who executed the instrument.

The court then opined, "[t]he notary failed to include this [§ 423.130] information in the certification. Therefore the district court was correct in finding that the acknowledgment failed to comport with Kentucky law." *In re Vance*, 99 F. App'x at 27. The court turned to Kentucky

Revised Statute § 382.270, and also agreed with the prior courts that the defectively acknowledged mortgage would not operate to give constructive notice to subsequent purchasers or creditors. It distinguished the trustee from other creditors and purchasers, such as those in the *State Street Bank & Co.* case, noting that 11 U.S.C. § 544(a)(3) expressly "precludes the trustee from having actual notice and/or knowledge" of events prior to the filing of the bankruptcy petition. *Id.* at 28. The court concluded that a bankruptcy trustee can only be charged with constructive notice. *Id.* Accordingly, the decision of the district court, charging the trustee with inquiry notice, was reversed.

Although the *Vance* decision was not published, it is instructive as to how the Sixth Circuit would analyze and determine the issue before this Panel. Additionally, notwithstanding the Creditors' contrary argument, the circumstances in *Vance* are substantially similar to those in this appeal. Furthermore, the Sixth Circuit similarly held in a published opinion addressing Tennessee law that a bankruptcy trustee could avoid a mortgage because the notary acknowledgment failed to provide the names of the individuals who had signed the mortgage. *See Gregory v. Ocwen Fed. Bank (In re Biggs)*, 377 F.3d 515 (6th Cir. 2004). We observe that Tennessee law on this issue is not distinguishable from Kentucky law and find the Sixth Circuit's discussion in *Biggs* regarding the importance of naming the signor in the acknowledgment to be particularly helpful. The Sixth Circuit stated:

> [T]he authentication of a deed of trust is not a purposeless formality. The procedure serves to verify the identity of the individual signing the instrument and to establish a fraud-free system for recording the ownership of real property–a necessary prerequisite to any free market. In this instance, the integrity of the acknowledgment is placed in doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners. Without it, a purchaser is left to wonder who appeared before the notary, if indeed anyone appeared before the notary, to acknowledge their signatures. In this sense, the missing names "lend [ ] uncertainty about the legal effectiveness of the instrument and for that reason alone the acknowledgment fails substantially to comply with Tennessee law."

*Id.* at 519 (citations omitted).

Since the *Biggs* and *Vance* opinions were issued, Kentucky Revised Statute § 423.130, which is part of Kentucky's Uniform Recognition of Acknowledgments Act, has been interpreted in numerous decisions of the bankruptcy court for the Eastern District of Kentucky to require that the notary name or identify the person acknowledging the instrument in the certificate of acknowledgment. *See, e.g., Dunlap v. Commonwealth Cmty. Bank (In re Phelps)*, 341 B.R. 848, 852-53 (Bankr. W.D. Ky. 2006); *Gardner v. Chase Home Fin. (In re Patton)*, 2006 WL 3877755, *2 (Bankr. E.D. Ky. 2006); *Miller v. Raisor (In re Raisor)*, 2006 WL 3885132, *2 (Bankr. E.D. Ky. 2006); *Schlarman v. Suntrust Mortgage, Inc. (In re Helvey)*, 2006 WL 3877754, *2 (Bankr. E.D. Ky.

2006); *Baker v. CIT Group/Consumer Fin., Inc. (In re Hastings)*, 353 B.R. 513, 516-17 (Bankr. E.D. Ky. 2006) (information required by Kentucky Revised Statute § 423.130 includes identifying the debtors). Nevertheless, the Creditors contend that the identification of the person acknowledging the instrument in the notary's certificate of acknowledgment is not necessary for the acknowledged mortgage to provide constructive notice. They argue that Kentucky Revised Statute § 423.130 itself does not expressly require this information and the contrary interpretation fails to give effect to legislative intent. Rather, according to the Creditors, the Kentucky acknowledgment and recording statutes require only substantial compliance with their terms and are to be read together. They argue that the Kentucky statutes, when read together, give the notary an option not to name the person acknowledging the instrument in the event the person named in the instrument and acknowledging the instrument are the same. In support of this argument, they cite the following Kentucky statutes:

> **423.140 Recognition of certificate of acknowledgment**
>
> The form of a certificate of acknowledgment used by a person whose authority [to certify acknowledgments] is recognized under KRS 423.110 shall be accepted in this state if:
>
> (1) The certificate is in a form prescribed by the laws or regulations of this state;
>
> (2) The certificate is in a form prescribed by the laws or regulations applicable in the place in which the acknowledgment is taken; or
>
> (3) The certificate contains the words "acknowledged before me," or their substantial equivalent.
>
> **423.150 Certificate of acknowledgment**
>
> The words "acknowledged before me" mean:
>
> (1) That the person acknowledging appeared before the person taking the acknowledgment;
>
> (2) That he acknowledged he executed the instrument;
>
> (3) That, in the case of:
>
> (a) A natural person, he executed the instrument for the purposes therein stated; . . . and
>
> (4) That the person taking the acknowledgment either knew or had satisfactory evidence that the person acknowledging was the person named in the instrument or certificate.

According to the Creditors, the significance of these statutes is that Kentucky has no prescribed form for a certificate of acknowledgment and such a certificate must be accepted in Kentucky if it contains the language, "acknowledged before me," which this certificate has. Further, they argue that if the certificate contains that language, § 423.150 provides a "safe harbor" that excuses the notary from naming the person acknowledging the instrument when that person is named in the instrument. Essentially, the Creditors argue that the phrase, "acknowledged before me," satisfies as a matter of law the § 423.130 requirement that the notary certify that the person

acknowledging the instrument appeared before the notary, acknowledged that he executed the document, and was known to the notary to be the person described in and who executed the instrument. They argue there is no need for the notary to identify the person acknowledging if he is one and the same as the person executing the instrument.

The Creditors further contend that this interpretation and application is supported by Kentucky case law including *Hackworth v. Flinchum*, 475 S.W.2d 140 (Ky. 1971), and *Bagby v. Koch*, 98 S.W.3d 521 (Ky. App. 2002). These cases concern the validity of attempts by heirs to renounce their respective spouse's wills. The issue in both cases was whether the parties had complied with the Kentucky statute governing the procedure for renunciation of a former spouse's will. That statute, Kentucky Revised Statute § 392.080, directs in pertinent part:

> Such relinquishment shall be made within six (6) months after the probate, and acknowledged before and left for record with the county clerk or his authorized deputy in the county where probate was made, or acknowledged before a subscribing witness and proved before and left with the county clerk or his authorized deputy.

In *Hackworth*, Mrs. Hackworth was the second wife of the decedent who, in addition to Mrs. Hackworth, was survived by nine children from his previous marriage. Under his will she was to receive a one-tenth share of his estate. She timely filed a document attempting to renounce the will in order to receive her statutory share. The issue was whether Mrs. Hackworth's renunciation was properly acknowledged before the county clerk. Appearing just below Mrs. Hackworth's signature, the clerk's certificate of acknowledgment stated, "Subscribed and sworn to before me by Anna B. Hackworth, this 17 day of October, 1967." *Hackworth*, 475 S.W.2d at 141. There was, however, no "certificate that Mrs. Hackworth appeared before the clerk and personally acknowledged the instrument to be her voluntary act and deed for all purposes contained therein, a form of acknowledgment customarily used with deeds of conveyance and other instruments requiring formal acknowledgment." *Id.* at 142. Thus, the trial court determined that the acknowledgment was insufficient to give effect to the renunciation. Observing that the word acknowledgment was not defined nor required to be in any particular form by the statute governing renunciation, the appeals[2] court held:

> Where an acknowledgment is essential to the validity of a document, but the word acknowledgment is not defined and no particular form of acknowledgment is required by the statute, it would seem to this court that a subscription of the signature to the document in the presence of the proper official under oath is a sufficient proof of due execution of the document and would constitute substantial compliance with the statute. We think this is especially true where the statute has relaxed the standards of formality to the extent that a signature to the instrument of renunciation is not expressly required.

---

[2] Before 1976, the Kentucky Court of Appeals was the highest state court. 19 Sheryl G. Snyder, et al, *Kentucky Practice Series, Appellate Practice* § 1:1 (2006).

*Hackworth*, 475 S.W.2d at 143. However, when asked to distinguish an earlier case involving a deed, the court went on to say that,

> It may well be that the acknowledgment of deeds of conveyance should require greater formality because of the historical development of the law pertaining to the rights of married women and the necessity for them to personally acknowledge the execution of an instrument of conveyance. But we see no need to impose super-technical requirements of form of acknowledgment in other cases where the legislature has not done so.

*Id.*

In *Bagby*, the decedent's husband had attempted to renounce his wife's will but had filed the renunciation document with the probate division of circuit court rather than with the county clerk as required by the renunciation statute set out above. He asserted that he had substantially complied with the statute as required by *Hackworth*. The appeals court acknowledged the appropriateness of the application of the substantial compliance standard in the *Hackworth* case. It explained, "[b]ecause Hackworth's purported renunciation was signed, witnessed, notarized and recorded by the county clerk, she substantially complied with the statute and thus effectively renounced her late husband's will despite not having executed the type of formal acknowledgment required of, for example, a deed of conveyance." *Bagby*, 98 S.W.3d at 523.

To the extent that these cases are cited for the proposition that substantial compliance with the acknowledgment statutes renders a certificate of acknowledgment sufficient to provide constructive notice to subsequent interest holders, there is no objection. For example, in the *Phelps* case cited above, Judge Stosberg echoed that very rule and made the determination that a certificate of acknowledgment containing the words, "sworn and subscribed before me," substantially complies with the statutory requirement that the certificate contain the words, "acknowledged before me or their substantial equivalent." *Phelps*, 341 B.R. at 853. It is important to remember, however, that *Hackworth* and *Bagby* did not involve the acknowledgment of deeds or mortgages. In fact, the courts in both of those cases stated that the renunciation statute at issue did not require the type of formal acknowledgment required of deeds of conveyance. *Hackworth*, 475 S.W.2d at 143; *Bagby*, 98 S.W.3d at 523. It should also be noted that Mrs. Hackworth's acknowledgment was certified in 1967, prior to the 1970 enactment of the Uniform Recognition of Acknowledgments Act in Kentucky. *See* Ky. Rev. Stat. § 423.170. The Uniform Recognition of Acknowledgments Act contains Kentucky statutes designated 423.110 through 423.170. As such, while the Creditors are correct that the acknowledgment statutes should be read together, such a reading must include § 423.130.

Section 423.130 referenced by *Vance* and its progeny, is authority for the requirement that a certificate of acknowledgment must name or identify the person acknowledging the instrument in

order to provide constructive notice. Under the Creditors' argument, the pertinent statutes, except for § 423.130, would be read together and § 423.150 would supercede § 423.130. Section 423.150 was enacted in 1970 at the same time as § 423.130 and has never been interpreted to negate the requirements of § 423.130. Such an interpretation of § 423.150 would make § 423.130 superfluous and undermine the *Vance* court's determination that § 423.130 was not satisfied when the names or identities of those acknowledging the instrument were omitted from the certificate of acknowledgment. *See In re Phelps*, 341 B.R. 848, 852-53; *In re Hastings*, 353 B.R. 513, 516-17.

In this case, the name or identity of the person acknowledging the mortgage was omitted from the notary's certificate of acknowledgment. Under the Kentucky acknowledgment and notice statutes as interpreted in the above precedential cases, the certificate of acknowledgment is defective. Accordingly, even though the mortgage was recorded, it did not provide constructive notice to a subsequent creditor, bona fide purchaser or bankruptcy trustee. Absent constructive notice, the Trustee may avoid the mortgage for the benefit of the Debtor's bankruptcy estate. The bankruptcy court's summary judgment in favor of the Trustee on the basis that the acknowledgment was defective is affirmed.

    B.    <u>The 2006 Amendments to Kentucky Revised Statute § 382.270 Cannot Be Applied Retroactively</u>.

Turning next to the issue of whether the 2006 amendments to Kentucky Revised Statute § 328.270 may be applied to protect this mortgage from avoidance, the Creditors argue that the amendments are remedial, merely clarifying existing law, and so may be applied retroactively. The Trustee contends that to do so would strip her of previously vested property rights in violation of the Supremacy Clause of the United States Constitution, the Bankruptcy Code and Kentucky law.

The Supremacy Clause of the United States Constitution precludes retroactive application of § 382.270. The Debtor filed his bankruptcy petition before the effective date of the amended statute. Under federal law, a trustee's rights as a bona fide purchaser are fixed as of commencement of the bankruptcy case. *See* 11 U.S.C. § 544(a)(3). Amended § 382.270 may not be applied retroactively in this case as such application would be in conflict with the federal bankruptcy statute. *In re Hastings*, 353 B.R. at 520; *cf. United States v. Craft*, 535 U.S. 274, 288-89, 122 S. Ct. 1414, 1426 (2002) (applying the Supremacy Clause and concluding that debtor's interest in entireties property constituted "property" or "rights to property" under the federal tax lien statute, notwithstanding the fact that such property was not subject to levy under state law).

Further, under Kentucky law, the amended recording statute cannot be applied retroactively in the situation before this Panel. The amended statute provides:

> No deed or deed of trust or mortgage conveying a legal or equitable title to real property shall be *lodged for record and, thus,* valid against a purchaser for a valuable

-12-

consideration, without notice thereof, or against creditors, until such deed or mortgage is acknowledged or proved according to law ~~and lodged for record~~. *However, if a deed or deed of trust or mortgage conveying a legal or equitable title to real property is not so acknowledged or proved according to law, but is or has been, prior to July 12, 2006, otherwise lodged for record, such deed or deed of trust or mortgage conveying a legal or equitable title to real property or creating a mortgage lien on real property shall be deemed to be validly lodged for record for purposes of KRS Chapter 382, and all interested parties shall be on constructive notice of the contents thereof.* As used in this section "creditors" includes all creditors irrespective of whether or not they have acquired a lien by legal or equitable proceedings or by voluntary conveyance.

Ky. Rev. Stat. § 382.270 (eff. 7-12-06) (Strikeout format is used to show deletions; italics are used to show additions).

Kentucky Revised Statute § 466.080(3) provides that "No statute shall be construed to be retroactive, unless expressly so declared." The language of amended § 382.270 does indicate that it is intended to apply retroactively. To apply the statute retroactively in this case, however, would deprive the Trustee of rights that have already vested. This is not permitted by Kentucky case law:

> [T]he judicial determination of whether a statutory amendment should be applied retroactively involves a two-step inquiry: (1) Is the amendment limited to the furtherance, facilitation, improvement, etc., of an existing remedy; and (2) If so, *does it impair a vested right*. If the statute in question only serves to facilitate the remedy, and if no vested right is impaired, the amendment in question is then properly applied to preexisting unresolved claims if such application is consistent with the evident purpose of the statutory scheme.

*Kentucky Ins. Guar. Ass'n v. Jeffers*, 13 S.W.3d 606, 610 (Ky. 2000) (applying amended statute increasing insurance coverage limits only to cases unresolved at the time the statute was amended and thus, where the rights of the parties had not vested) (emphasis added); *see also Cassidy v. Adams*, 872 F.2d 729 (6th Cir. 1989) (finding that retroactive application of new five-year statute of limitations for agency to recoup overpaid unemployment benefits did not deprive plaintiff of vested rights because the prior three-year statute of limitations had not run out when the longer limitations period was adopted); *Baumgart v. Potts (In re Potts)*, 353 B.R. 874 (Bankr. N.D. Ohio 2006) (statute could not be applied retroactively to divest trustee of rights in which he was already vested). In *Eckles v. Wood*, 136 S.W. 907 (Ky. 1911), the Kentucky Court of Appeals retroactively applied an amendment to a statute regarding the notary requirements for a married woman to transfer real estate by deed. The court emphasized the importance of vested rights, and applied the amended statute to prevent a party from being divested of rights. Upon commencement of a bankruptcy case, the trustee is vested with the rights and powers of a bona fide purchaser of real property without notice of any prior claim thereto. No intervening change in law may be applied retroactively to strip the trustee of previously vested rights under either federal or state law. As previously noted, the

Trustee's rights at issue in this appeal vested at the time the petition was filed and the bankruptcy estate was established.

Although the Creditors cite *Meoli v. Citicorp Trust Bank (In re Oswalt)*, 444 F.3d 524 (6th Cir. 2006), in support of their argument that § 382.270 should be applied retroactively, that case is distinguishable. In *Oswalt*, the Sixth Circuit addressed the issue of retroactivity of a Michigan statute dealing with the perfection of security interests in mobile homes. The court recognized that its decision in *Boyd v. Chase Manhattan Mortgage Corp. (In re Kroskie)*, 315 F.3d 644 (6th Cir. 2003), had created chaos in the Michigan mobile home financing market. Prior to *Kroskie*, the Michigan Mobile Home Commission Act ("MHCA") provided a method for perfecting security interests in mobile homes by noting liens on titles; however, creditors also perfected such security interests by recording traditional mortgages. In *Kroskie,* the court held that the MHCA provided the exclusive means of perfecting mobile home security interests under Michigan law. Shortly thereafter, in order to "undo the effect of the [*Kroskie*] decision," the Michigan legislature amended the MHCA, specifying that creditors could perfect security interests in mobile homes by recording traditional mortgage liens. *Oswalt*, 444 F.3d at 527. The Michigan legislature also added language that the amendment applies retroactively. Because "the amendment's language and the circumstances under which it was enacted indicate that the Michigan legislature intended it to clarify the perfection procedures," the Sixth Circuit concluded in *Oswalt* that the amendment must be applied retroactively. *Id.* at 528. Unlike the situation in *Oswalt*, there is no indication that the Kentucky legislature intended to clarify previous law. Rather, the language of the amendment clearly provides for a change in the law regarding when a party is put on constructive notice of a deed or mortgage.

For the foregoing reasons, the bankruptcy court's conclusion that the 2006 amendments to Kentucky Revised Statute § 382.270 may not be applied retroactively to protect the mortgage in this case from avoidance is affirmed.

## V. CONCLUSION

The decision of the bankruptcy court is AFFIRMED in its entirety.